FILED
Clerk's Office
USDC, Mass
Date 9-16-05
By MR
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

United States of America)
                        )
v.                      )    CRIMINAL NO. 04-10261-DPW
                        )
Romeo DiStasio          )

### DEFENDANT'S SENTENCING MEMORANDUM

1. On January 21, 2005, the Defendant appeared before the Court, waived indictment and pleaded guilty to a two count Felony Superseding Information charging Misappropriation of Postal Funds, in violation of title 18 U.S.C. § 1711, and Making False Statement 18 U.S.C. §1001.

2. The Defendant was released with sentencing originally scheduled for April 4, 2005 but was rescheduled for September 16, 2005.

3. The Defendant disputes the loss amount of $50,053.92 as calculated in the Presentence Report (PSR). The Defendant submits that the loss amount is actually $47,462.91. Notwithstanding, the Defendant does concur with the PSR in that his Base Offense Level is 6; with a Specific Offense Level of 6; and a 2 level reduction in his offense level for his Acceptance of Responsibility.

Although the PSR attributes a 2 point increase to the Defendant's Offense Level for an Abuse of Position, the Defendant disputes this enhancement. The Defendant maintains that he was a consolidation clerk for the U.S. Postal Service. The defendant was responsible for simply consolidating all the Final Daily Sales Reports and cash receipts from each individual window clerk into a Unit Daily Sales Report. The access of the defendant to the window clerk's daily sales reports and cash receipts was no greater than the access had by any of the individual window clerks, provided one knew the window clerk's disk password. In further support of the defendant's position, the Government's Statement of Facts indicates that changes were made by the defendant on the individual window clerk's disk not to the Consolidation Clerk's control disk. In fact, the Government's Statement of Facts goes on to state that "[t]he consolidation clerk's control disk did not, however, allow the consolidation clerks to make changes to the information contained on the individual window clerk's floppy disks. The control disk merely acted as a mechanism to retrieve the information contained on a window clerk's disk."

The defendant submits that his role in the offense is analogous to that of an ordinary bank teller or hotel clerk in the case of embezzlement or theft. Certainly, the defendant was not in a position most often associated with this adjustment (e.g. an attorney, physician, or executive officer utilizing substantial professional or managerial discretionary judgment that is ordinarily given considerable deference). Similarly, the defendant submits that his role did not employ a skill which is not possessed by members of the general public. Usually for an enhancement to apply based upon use of special skill, the skill used requires substantial education, training or licensing. A type of skill acquired by pilots, lawyers, accountants, chemists and demolition experts through their education and training. It has not been shown that the defendant possessed such a skill; acquired such a skill; and employed it in his role in the offense. See United States v. Tribble, 206 F.3d 634 (6th Cir., 2000).

As a result, the Defendant contends that his total offense level should be 10, not 12 as stated in the PSR. Therefore, the Sentencing Guidelines provides for an imprisonment range of 6 to 12 months, not 10 to 16 months.

4. The Defendant submits that by Statute a term of probation is permitted for both offenses. Thus, the defendant requests this Court to impose a concurrent term of probation not to exceed three years. The Defendant also requests that this court waive payment of any interest and not impose any fine, given the considerable amount of restitution that this Defendant will be required to pay. The Defendant submits that this disposition is appropriate in these circumstances.

As this Court is aware the Defendant is a married, father of two young boys ages 11 and 7. The Defendant, albeit upon order of the Court to do so, did undergo and complete a residential drug treatment program for his drug addiction. The Defendant was released from the treatment program on August 25, 2005 and returned home to live with this wife and children. Since being released, the Defendant has been in compliance with his conditions of release.

Additionally the Defendant has sought and obtained employment with the Jolin Lobster, in Manchester, MA.

5. However, if this court is inclined to impose a period of incarceration the Defendant requests this court to allow him to self report. Additionally, in accordance with Sentencing Guidelines, the Defendant requests this Court to impose a sentence in accordance with U.S.S.G. § 5C1.1(d) not to exceed 6 months, with one-half of said sentence to be served in prison with the balance served in home detention. If this court is inclined to sentence this defendant to a period of incarceration consistent with the Total Offense Level of 12 as indicated in by

the PSR, with a corresponding Guideline Range of 10 to 16 months, the defendant would request that the sentence be no more than 10 months, with it being served by one-half of the term in prison, the balance in home detention. If this court will impose sentence greater than 10 months, the Defendant requests that his sentence be for a period of one year and one day.

WHEREFORE, the Defendant respectfully requests that this Court impose a sentence of probation or that this Court grant such additional relief as may be just and proper (including a recommendation for the Drug Treatment Program should this Court find that probation is not appropriate).

Respectfully submitted,

Romeo DiStasio

By his attorney,

Sean T. Delaney
Rappaport & Delaney
228 Central Street
Lowell, MA 0185209
(978)454-8103
BBO#:564230

Dated: September 16, 2005