AO 245B    Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.

ROMEO DISTASIO

STATEMENT OF REASONS

Case Number: 1: 04 CR 10261 - 001 - 1   V

Sean T. Delaney, Esq.
Defendant's Attorney

[x] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 12 |
| Criminal History Category: | I |
| Imprisonment Range: | 10 to 16 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $3,000.00 to $30,000.00 |

Defendant's Soc. Sec. No.: XXX-XX-5328
Defendant's Date of Birth: XX/XX/1962
Defendant's USM No.: 25266-038
Defendant's Residence Address:
North Reading, MA

09/16/05
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

The Honorable Douglas P. Woodlock
Judge, U.S. District Court
Name and Title of Judicial Officer

9/16/05
Date

Defendant's Mailing Address:
North Reading, MA

AO 245B    Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 2

Statement of Reasons - Page __2__ c  __3__

DEFENDANT: ROMEO DISTASIO
CASE NUMBER: 1: 04 CR 10261 - 001 - DPW

# STATEMENT OF REASONS

☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ $86,863.04

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulti  rom the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 366:  B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense  iuse the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offens  ecause determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong  entencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing proce  ursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of  s to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circun  ices of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or so  portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B    Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 3

DEFENDANT: ROMEO DISTASIO
CASE NUMBER: 1: 04 CR 10261 - 001 - DPW

Statement of Reasons - Page 3 of 3

# STATEMENT OF REASONS

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

## OR

☐ The sentence departs from the guideline range:

    ☐ upon motion of the government, as a result of a defendant's substantial assistance, or

    ☒ for the following specific reason(s):

AFTER FULL CONSIDERATION OF THE GUIDELINES, THE SENTENCE IS NOT BASED ON A DEPARTURE FROM THE GUIDELINES ACCORDING TO THE CRITERIA SET FORTH IN THE GUIDELINES, BUT IS A NON-GUIDELINES SENTENCE IMPOSED IN LIGHT OF THE OVERARCHING CONCERNS OF 18 U.S.C. § 3553 AS MOST REASONABLE, IN LIGHT OF THE PARTICULARS OF DEFENDANT'S REHABILITATION PRIOR TO SENTENCING, AND IN ACCORDANCE WITH THE GOVERNMENTS RECOMMENDATION.

☐ See Continuation Page